JOHN R. IRVINE vs. WM. R. MARSHALL AND THOMAS BARTON.

The District Courts of this State take the place and receive the causes which were commenced and prosecuted on the Territorial side of the District Courts of the late Territory. Those causes commenced and prosecuted on the Federal side of the Territorial Courts, belong to the United States District Court for the District of Minnesota.

This cause originated in the Territorial side of the District Court of Ramsey County, under the late territorial organization. The case was decided in the Supreme Court of the Territory, (See 1 *Min. Rep.*, *p.* 340,) and from thence removed to the Supreme Court of the United States, from whence (since the organization of our State Government,) it was remanded to the Supreme Court of the State, "with instructions that it be remitted to the District Court, with permission to the Defendant to answer over," &c. Under this order the Plaintiff makes application that it be remitted to the United States District Court for the District of Minnesota, and the Defendants contend that it should be remitted to the District Court for Ramsey County.

The following are the points and authorities relied upon by the Counsel for the Plaintiff:

Having merely called up this matter, while the Court was in session, for the purpose of submitting it, I now refer your Honors to the legislation upon the subject, and ask that it may be disposed of in accordance therewith, and with the mandate of the Supreme Court of the United States, which forms the foundation of the application.

The points are as follows :

*First.*—That from the nature of the case itself, it is an action properly cognizable in the District Court of the United States. *See opinion of Sup. Court in this case; Vol.* 9 *U. S. Stat. at Large* 128, "*An act to regulate the exercise of appellant jurisdiction,* &c.," *dated Feb.* 22, 1847 ; *Vol.* 9 *U. S. Stat. at Large* 211, "*An act supplementary to above act,*" *approved Feb.* 22, 1848 ; *Art.* 6, *Sec.* 14, *and Art.* 15, *Sec.* 4, *Constitution of Minnesota; Stat. of Minnesota,* 487, *Sec.* 1, *&c.; Preface to Stat. of Minnesota,* 70, *&c.*

*Second.*—That it was the intention of the Supreme Court of the United States, as clearly indicated in its opinion and mandate, to send the case back to the District Court of the United States for trial. *Opinion in Irvine vs. Marshall & Barton, in Sup. Ct. U. S.; Mandate Irvine vs. Marshall & Barton, in Sup. Ct. U. S.*

*Third.*—Where a mandate is addressed to a State Court in an action in which further proceedings are to be had in the Court of original jurisdiction, it is never designated by name by the Supreme Court of the United States, nor are specific directions given, as in the mandate in this case.

There is a clause in the appropriation bill of 1857 and 1858, but to which I am unable to obtain access, which I am inclined to believe affects the question of this application, and to which I respectfully call the attention of the Court.

I do not propose to enter into any argument upon the question, but refer to the opinion of the Supreme Court of the United States, as indicative of the character of the action. The whole question made in the elaborate opinion of the Court, is upon the effect of the statutes of the United States, and the policy of the government. They hold, in effect, not only that it is a case cognizable in the U. S. Court, but those are the proper tribunals in which to prosecute it, as it not only involves the laws of the United States, but the interests and policy of the government itself.

I prefer greatly that it should be transferred, as it was a

case brought in those courts, and one peculiarly cognizable therein.

The following are the points and authorities relied on by the Counsel for the Defendants :

*First.*—That the application cannot be granted without a violation of the Mandate of the Supreme Court of the United States in this cause, and

*Secondly*—That neither this Court, nor the Supreme Court of the United States, have any power to *transfer this record,* as desired by the Counsel.

The Supreme Court of the United States have remanded the case to the Supreme Court of the State of Minnesota, with directions to the latter "*that it be remitted,*" (not transferred nor certified,) to the District Court, &c.

To remand a cause is to send it back to the same Court from where it came, and to remit a cause, or a record, is to send it back to the same Court from which it had been removed, by appeal or otherwise, for the purpose of retrying the cause when judgment has been reversed, or of issuing execution where it has been affirmed. *Vide Bouvier's Law Dic., pp.* 442 *and* 445.

The Counsel here asks, not that the cause be sent back to the Court from whence it came, but that it be certified and *transferred to another jurisdiction.*

The District Court of the late Territory of Minnesota, comprehended two separate jurisdictions. That of the Circuit and District Court of the United States, and in addition to that, such as was conferred upon them by the Legislative Assembly of the Territory of Minnesota, in common parlance, and in the language of their rules as prescribed by the Supreme Court, they had a *Federal* and Territorial side. *Vide Organic Act of Minn., Sec.* 9 *Rev. Stat., page* 287, &c.

This action was originally brought by the Plaintiff upon the *Territorial* side, not the Federal.

If it be *remitted* therefore, it must go back to that jurisdiction.

Article 15 of the Constitution of Minnesota, Section 4 (of

the schedule) provides for the transfer of all such causes "*to any Court of the State* which shall have jurisdiction of the subject matter thereof;" and the second and third sections of the act of July 12th, 1858, (*Vide compiled Statutes, page* 487, *Sec.* 62 *and* 63,) transfers all causes pending in the District Courts of the Territory, except such as are exclusively cognizable in the Circuit or District Court of the United States to the District Court of the State of Minnesota, in the counties respectively in which the same originated.

Again, if the case is of Federal and not State jurisdiction, and if the United States Supreme Court intended to remand the cause to the United States District Court, why do they send it there through a State Court? Why not send it directly to the United States District Court?

Section 3 of the Act of admission of Minnesota into the Union, (*Vide compiled Stat. pp.* 70, 71,) provides that in all cases of appeal or writ of error then pending in the United States Supreme Court, upon any record from the Supreme Court of Minnesota Territory, the mandate of execution, or order of further proceeding, shall be *directed by the United States Supreme Court* to the United States District Court for the District of Minnesota, or to the Supreme Court of the State, as the nature of such appeal or writ of error may require.

The United States Supreme Court have in this cause directed their mandate. "To the Honorable the Judges of the Supreme Court of the State of Minnesota," showing conclusively that in the opinion of the Court issuing the mandate, the nature of the case did not require the case to be sent to the United States District Court.

I confess I am unable to see the bearing of the statutes cited upon the points of the Plaintiff's Counsel, from United States Statutes at Large, Vol. 9, upon this case.

N. B. The language of the mandate from the Supreme Court of the United States in this behalf, is as follows, viz:

"And it is further ordered that this cause be and the same is hereby remanded to the Supreme Court of the State of Minnesota, with instructions that it be remitted to the District

Court with permission to the Defendant to answer over to the complaint, &c."

D. COOPER, Counsel for the Application.

H. R. BIGELOW, *Contra.*

*By the Court*—ATWATER, J.—The above entitled cause comes to this Court from the Supreme Court of the United States, in accordance with the following order made in said Court, viz :

"And it is further ordered that this cause be and the same is hereby remanded to the Supreme Court of the State of Minnesota, with instructions that it be remitted to the District Court with permission to the Defendant to answer over to the complaint," &c.

A motion is now made on the part of the Plaintiff to have the record certified to the United States District Court. The Defendants contend that the cause should be sent to the District Court of the State.

From the language of the order it would seem that it was the intention of the Supreme Court that the cause should be sent to the same Court whence it originated. To remit a cause, is to send it back to the same Court from which it had been removed by appeal or otherwise, for the purpose of retrying the cause when judgment has been reversed, or of issuing execution when it has been affirmed. *Bouv. Law Dic.,* *page* 442 ; *Burrill's Law Dic.,* *page* 882 ; *Jacob's Law Dic.,* *vol.* 5, *page* 467. The District Court of the Territory of Minnesota, was both a Territorial and United States Court. Causes and proceedings in the former were conducted according to the statutes of the Territory, and those brought on the Federal side of the Court, (as it was termed,) were [conducted under the laws of the United States. From an examination of the files and proceedings in this cause it would appear that it was commenced and prosecuted in the Territorial Court, or on the Territorial and not the Federal side of the Court. The Constitution provides, (*Sec. 4 of schedule,*) that "all actions at law

and suits in equity which may be pending in any of the Courts of the Territory of Minnesota at the time of a change from a Territorial to a State government, may be continued and transferred to any Court of the State which shall have jurisdiction of the subject matter thereof." The District Courts of the State therefore take the place and receive the causes of the District Courts of the late Territory, and as this was one of those causes we can arrive at no other conclusion than that the mandate of the Supreme Court, requires it to be remitted to the District Court of the State. We find nothing in the opinion of the Court in this cause, which conflicts with this view. The cause must be remitted to the District Court of Ramsey County, the Defendants to have twenty days after service of a copy of the order to be entered on this decision on them to answer the complaint in this cause.